UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL JAMES MCCOLLUGH,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

Defendant.

CASE NO. C17-1537 BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff, Michael James McCollugh, appeals the ALJ's decision finding him not disabled. The ALJ found plaintiff's severe impairments are osteoarthritis; history of varicose veins; lumbar and cervical degenerative disc disease; left shoulder arthritis and degenerative joint disease of the left knee; that plaintiff retains the RFC to perform light work subject to additional non-exertional and mental limitations; and that plaintiff cannot perform past relevant work but is not disabled because he can perform other work in the national economy. Tr. 22-31. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied review. Tr. 1.

Plaintiff contends the ALJ erred at step two, and also improperly rejected the opinions of Aye Lwin, M.D., and plaintiff's testimony. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the matter with prejudice.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 1

**DISCUSSION**

**A.     The ALJ's Step Two Findings**

Plaintiff contends the ALJ erred at step two in two respects. He first argues the ALJ erred in finding there is "no record of medically determinable acute process causing shoulder pain." Dkt. 8 at 4. At step two, plaintiff bears the burden of showing (1) he has a medically determinable impairment or combination of impairments and (2) the impairment or combination of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. § 404.1520(c), 416.920(c). Plaintiff fails to meet this burden. An impairment is medically determinable only if it results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1508. Here, because plaintiff points to no such evidence, the Court rejects plaintiff's argument and affirms the ALJ finding that shoulder pain is a nonsevere impairment.

Second, plaintiff argues the ALJ erred in failing to find retroperonteal lymphadenopathy is a severe impairment. Dkt. 8 at 4-6. The ALJ found the condition is medically determinable but nonsevere on the grounds there is no evidence it continues to affect plaintiff or his ability to work, and no evidence of "any ongoing and/or aggressive treatment for this condition." Tr. 23. The ALJ further noted the record indicates retroperonteal lymphadenopathy is of "uncertain significance" in regards to plaintiff's abdominal pain and vomiting, i.e. implying there is insufficient evidence the condition causes abdominal pain and vomiting. *Id.*

The record shows plaintiff was treated numerous time for vomiting and abdominal pain, and thus received ongoing treatment. *See e.g.* Tr. 358-367, 395-401, 434, 511-532, 640-654, 674-177.  The symptoms reported were significant and would have more than a minimal impact on plaintiff's ability to work. *See e.g.* Tr. 676 ("present with abdominal pain, nausea, and vomiting

over the past hour. Patient states his symptoms started abruptly."). However, no doctor opined plaintiff's abdominal pain and vomiting is caused by retroperonteal lymphadenopathy. Because the medical record fails to tie the condition to the symptoms, plaintiff has failed to meet his step two burden of showing the condition is "severe." The Court notes and rejects plaintiff's argument that retroperonteal lymphadenopathy "could have been the cause of the abdominal pain" plaintiff suffered. Dkt 8 at 6. As discussed above, there is no evidence of record supporting the argument; plaintiff's argument instead relies upon extra-record research counsel performed which is not a basis upon which the Court may rely to reverse the ALJ's decision. The Court accordingly affirms the ALJ's step two determinations.

**B.     The ALJ's Assessment of Dr. Lwin's Opinions**

The ALJ rejected Dr. Lwin's opinions on the grounds the doctor's opinions are unsupported by the medical evidence of record. Tr. 28. The ALJ found the medical evidence, including Dr. Lwin's treatment notes do not support the doctor's opinions. Tr. 29. In specific, the ALJ found physical examinations performed on plaintiff do not support the doctor's opinions; that plaintiff "has not been seen with regard to his arthritis; that when plaintiff was seen for abdominal pain he did not mention any back pain; that a February 2016 examination showed no deformity, normal range of motion, no tenderness and normal gait; and that in March 2016 plaintiff was observed with normal range of motion in the neck, his back was "clinically straight," there was "no spinous process tenderness to palpitation, no focal atrophy to the extremities and muscle mass was normal." Tr. 29.

Plaintiff argues the ALJ erred in rejecting Dr. Lwin's opinions for two reasons. He first argues Dr. Lwin is a treating doctor and "is likely basing his opinion in part on his personal observations." Dkt. 8 at 7. The argument fails. Plaintiff bears the burden to show the ALJ

harmfully erred and has not met that burden. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Plaintiff fails to directly challenge the ALJ's findings, i.e., that the medical record contradicts the limitations assessed by Dr. Lwin. He does not contest the findings or show they are unsupported by substantial evidence. An ALJ may properly reject a treating physician's opinion that is inconsistent with the record and not supported by objective evidence. *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999). That is what the ALJ properly did here.

Plaintiff next argues the ALJ failed to consider imaging results showing disc space attenuation, endplate deformity, and degenerative mild dextrocurvature of the spine" and that the imaging demonstrates disc issues which can cause back pain, and affect ability to sit, stand and walk which the ALJ did not consider. *Id.* at 9. The argument is belied by the record. The record shows the ALJ considered the imaging results because he found plaintiff has lumbar and cervical degenerative disc disease, the condition is a severe impairment, Tr. 23, and that the condition would support "some limitations in the claimant's ability to work," but not to the extent plaintiff claims. Tr. 29. Hence, this is not a case in which the ALJ overlooked medical evidence establishing a condition that impaired plaintiff. To the contrary, the ALJ considered the very condition—back problems—plaintiff claims he did not. The Court thus rejects the argument the ALJ failed to consider the imaging results. In terms of the ALJ's consideration of the imagining results, Plaintiff fails to show the ALJ erroneously evaluated the results and also fails to show the ALJ's determination that Dr. Lwen's opinions are inconsistent with the medical evidence is not supported by substantial evidence. The Court accordingly affirms the ALJ's assessment of Dr. Lwen's opinions.

**C.     The ALJ's Evaluation of Plaintiff's Testimony**

Plaintiff contends the ALJ erred by rejecting his testimony. Dkt. 8 at 9-11. Newly revised Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *13, provides guidance on how adjudicators should evaluate a claimant's statements. SSR 16-3p is applicable to the ALJ's decision issued September 8, 2016, as adjudicators will apply SSR 16-3p in making decisions on or after March 28, 2016. 82 Fed. Reg. 49, 468. SSR 16-3p eliminates the use of the term "credibility" and instead focuses on an evidence-based analysis of the administrative record to determine whether the nature, intensity, frequency, or severity of an individual's symptoms impact his or her ability to work. SSR 16-3p does not, however, alter the standards by which courts will evaluate an ALJ's reasons for discounting a claimant's testimony. To reject subjective complaints, an ALJ must provide "specific, cogent reasons" and, absent affirmative evidence of malingering, must reject a claimant's testimony for "clear and convincing" reasons. *Morgan v. Commissioner of SSA*, 169 F.3d 595, 599 (9th Cir. 1999); *see Carmickle v. Commissioner, SSA*, 533 F.3d 1155, 1160 (9th Cir. 2008).[1]

Here, the ALJ rejected plaintiff's testimony as inconsistent with activities of daily living and with the medical evidence. Plaintiff does not contest the ALJ's finding that his testimony is inconsistent with "treatment notes" and that "physical examinations failed to illustrate significant problems." Tr. 27. This is a valid basis to discount a claimant's testimony recognized under SSR 163-p, *see* 2017 WL 5180304, at *8, and Circuit law, *see Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may consider inconsistencies between claimant's testimony and medical evidence.). Because plaintiff fails to challenge the ALJ's determination the Court affirms the

---

[1] In *Carmickle*, the Ninth Circuit rejected the proposition that there had to be a specific *finding* of malingering; rather, it was sufficient that there be *affirmative evidence* suggesting malingering. *See Carmickle*, 533 F.3d at 1160 n.1.

ALJ's determination to discount plaintiff's testimony. Because the ALJ gave a valid reason to discount plaintiff's testimony, the Court need not address the other reason the ALJ gave. Even if the Court assumed the ALJ erred in relying on the other reason, the error would be harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

**D.     Step Five Findings**

Plaintiff argues because the ALJ misevaluated the evidence, the ALJ's step five findings are erroneous. The argument is foreclosed as the Court has rejected each of plaintiff's assigned errors and instead affirmed the determinations challenged by plaintiff.

**CONCLUSION**

The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the matter with prejudice.

Dated this 5th day of June, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge